# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELE NEFF and MARC NEFF, w/h <br>                     Plaintiffs <br>   vs. <br><br> DAVCO CONSTRUCTION, INC. <br>     and <br> BERKSHIRE HATHAWAY <br> HOMESERVICES FOX & ROACH <br> REALTORS <br>     and <br> JOHN and JANE DOES 1-3 <br>     and <br> ABC CORPORATION 1-3 <br>                     Defendants <br><br>   vs. <br><br> D&T POOLS LLC d/b/a D&T POOLS <br><br>         Third-Party Defendant | CASE NO. 1:22-CV-5537 |

## PETITION FOR REMOVAL FROM STATE COURT TO FEDERAL COURT

Moving Defendant, Davco Construction, Inc. (hereinafter "**Davco**"), by and through the undersigned counsel, hereby files this notice of removal of the above-captioned action from the Superior Court of New Jersey, Atlantic County, **No. ATL-L-001802-22**, where it is now pending, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§1332, 1441 and 1446, and other applicable laws.  In support of this removal, Moving Defendant avers the following:

    1.    Attached as **Exhibit "A"** is a copy of the complaint in this action, which originated in the Superior Court of New Jersey, Law Division, Atlantic County.

    2.    A copy of the Superior Court Docket No. ATL-L-001802-22 is attached as **Exhibit "B."**

3. The docket reveals that Plaintiff commenced this action in the Superior Court of New Jersey on June 30, 2022.

4. The docket further reveals an affidavit of service, asserting that service on the defendants was initiated via certified mail on February 26, 2014.

5. The Defendants therefore aver that service of original process was effected within the previous thirty (30) days.

6. The Plaintiffs are citizens of the Commonwealth of Pennsylvania, as averred in ¶1 of their complaint.

7. The captioned Defendants in Plaintiffs' complaint, **Davco Construction, Inc.** and **Berkshire Hathaway HomeServices Fox & Roach Realtors**, are both alleged to have their principal place of business in the State of New Jersey.  See complaint, ¶2 and ¶3.

8. The factual allegations concerning the nature and location of the Defendants' business activities, wherever performed, are irrelevant for the purpose of removing this case to the United States District Court pursuant to the federal laws referenced *infra*.

9. A corporation is deemed to be a citizen of every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business.  28 U.S.C. §1332(c).

10. Accordingly, since they are New Jersey corporations with their principal place of business in New Jersey, the Defendants in this lawsuit are citizens of the State of New Jersey, whereas Plaintiffs are a citizen of the Commonwealth of Pennsylvania.

11.     Pursuant to the provisions of 28 U.S.C. 1446(b), Moving Defendant is filing this notice of removal within thirty (30) days of the date of service of the complaint upon Defendant Davco.

12.     Pursuant to 28 U.S.C. §1332(a), the United States District Court has original jurisdiction over this case if the citizenship of all parties is completely diverse and the amounts in controversy exceed $75,000.00, exclusive of interest and costs.

13.     In ¶18 of the Complaint, Plaintiff, Michele Neff, avers that she sustained severe and debilitating injuries to her left foot, left hand, right hand, and right elbow, as well as severe shock to the nerves and nervous system, extreme embarrassment, humiliation, loss of the enjoyment of her usual duties, usual occupations, life's pleasures and activities as a result of the negligence of the captioned defendants. See Exhibit "A."

14.     In ¶20 of the Complaint, the Plaintiff, Michele Neff, further avers she has sustained a loss of earnings and "earning capacity."

15.     Therefore, it is averred that Plaintiff believes her damages will exceed the sum of $75,000.

16.     Pursuant to 28 U.S.C. §1391(a), venue properly lies in the District of New Jersey.

17.     Pursuant to 28 U.S.C. §1446(d), the moving defendant will simultaneously file a copy of this notice of removal with the Clerk of Court of the Superior Court of New Jersey, Atlantic County, and will serve a copy of same on all adverse parties.

18.     All defendants affirmatively consent to removal of this case to the United States District Court.

**WHEREFORE**, Moving Defendant hereby removes this action, presently pending in the Superior Court of New Jersey, Atlantic County, to the United States District Court for the District of New Jersey.

                                          **HADDIX & MILLMAN**

                                          John N. Kaelin, III, Esquire
                                          Attorney for Defendant
                                          Attorney ID 02605-2002
                                          309 Fellowship Road, Suite 200
                                          Mount Laurel, NJ 08054
                                          John.Kaeliniii@aig.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELE NEFF and MARC NEFF, w/h <br>                                 Plaintiffs <br>   vs. <br><br> DAVCO CONSTRUCTION, INC. <br>     and <br> BERKSHIRE HATHAWAY <br> HOMESERVICES FOX & ROACH <br> REALTORS <br>     and <br> JOHN and JANE DOES 1-3 <br>     and <br> ABC CORPORATION 1-3 <br>                                 Defendants <br><br>   vs. <br><br> D&T POOLS LLC d/b/a D&T POOLS <br><br>                        Third-Party Defendant | CASE NO. 1:22-CV-5537 |

## CERITIFICATION OF FILING AND SERVICE OF NOTICE OF PETITION FOR REMOVAL FROM STATE COURT TO FEDERAL COURT

      The undersigned hereby certifies and confirms that the Notice of Petition for Removal from State Court to Federal Court on behalf of the Petitioner, Davco Construction, Inc. was e-filed with the United State District Court of New Jersey on September 14, 2022 and that a hard copy was also sent to the Clerk of the Superior Court of New Jersey, Law Division, Atlantic County, and counsel for Plaintiff and Co-Defendants via the Court's Electronic Filing System and/or US Mail, postage pre-paid at the following addresses:

Andrew R. Spirt, Esquire  
GOLOMB SPIRT GRUNFELD  
1835 Market Street, Suite 2900  
Philadelphia, PA 19103

David L. Burnett, Esquire  
KIRMSER, LAMASTRA, CUNNINGHAM  
 & SKINNER  
202A Hall's Mill Road  
PO Box 1675  
Whitehouse Station, NJ 08889

D&T Pools LLC
329 Oak Avenue
Malaga, NJ 08328

  I am aware that the foregoing statements made by me are true.

  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                **HADDIX & MILLMAN**

                */s/ John N. Kaelin, III*
                John N. Kaelin, III, Esquire
                Attorney for Defendant
                Attorney ID 02605-2002
                309 Fellowship Road, Suite 200
                Mount Laurel, NJ 08054
                jkaeliniii@aig.com

# EXHIBIT "A"
**Plaintiff's Complaint**

| | |
|---|---|
| **GOLOMB SPIRT GRUNFELD**<br>**BY: ANDREW R. SPIRT, ESQUIRE**<br>1835 Market Street<br>Suite 2900<br>Philadelphia, PA  19103<br>(215) 985-9177 | Attorney for Plaintiffs |
| **MICHELE NEFF and**<br>**MARC NEFF, w/h**<br>210 West Washington Square<br>3 NW<br>Philadelphia, PA 19106 | SUPERIOR COURT OF NEW JERSEY<br>ATLANTIC COUNTY<br>LAW DIVISION |
| vs. | NO: |
| **DAVCO CONSTRUCTION, INC.**<br>2729 E. Landis Avenue<br>Vineland, NJ 08361<br>          and<br>**BERKSHIRE HATHAWAY**<br>**HOMESERVICES FOX & ROACH**<br>**REALTORS**<br>9218 Ventnor Avenue<br>Margate City, NJ 08402<br>          and<br>**JOHN and JANE DOES 1-3**<br>          and<br>**ABC CORPORATION 1-3** | **CIVIL ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

## CIVIL ACTION COMPLAINT

Plaintiff, Michele Neff and Marc Neff, by and through undersigned counsel, Golomb Spirt Grunfeld, brings this Complaint against Defendants, Davco Construction, Inc, Berkshire Hathaway HomeServices Fox & Roach Realtors, John and Jane Does 1-3, and ABC Corporations 1-3, and says:

1.      Plaintiffs, Michele Neff and Marc Neff, are adult individuals residing at the above address as wife and husband.

2. Defendant, Davco Construction, Inc., is a corporation or other legal entity existing pursuant to and/or under the laws of the State of New Jersey doing business therein with a registered office and/or principal place of business at 2729 E. Landis Avenue, Vineland, NJ 08361.

3. Defendant, Berkshire Hathaway HomeServices Fox & Roach Realtors, is a corporation or other legal entity existing pursuant to and/or under the laws of the State of New Jersey doing business therein with a registered office and/or principal place of business at 9218 Ventnor Avenue, Margate City, NJ 08402.

4. At all times material hereto, each of the Defendants owned, operated, leased, maintained, and/or controlled and were otherwise responsible for the property located at 102 S. Nassau Avenue, Margate City, New Jersey (hereinafter "Premises"), including, without limitation, building, constructing, renovating, remodeling, performing work at the Premises for purposes of selling, leasing or otherwise using for a business purpose and each of the Defendants had the obligation, responsibility and duty to ensure that the Premises was free of unreasonable dangerous conditions and safe for all persons lawfully upon the Premises.

5. At all times relevant herein, each of the Defendants acted, and/or failed to act, by and through their agents, servants, workmen, contractors and/or employees acting within the scope and course of their employment with one another.

6. Defendants, John and Jane Does 1-3, are individuals who owned, occupied, leased, controlled and/or maintained the Premises and whose duties included inter alia ensuring that the Premises was free of unreasonably dangerous conditions and safe for all persons lawfully upon the Premises and whose negligent acts or omissions and other conduct with respect to the Premises led to, contributed, and/or caused Plaintiff's substantial injuries and damages set forth

below. After reasonable investigation, the identity or roles of these persons and/or their respective acts or omissions are not ascertainable from the records and investigation, as well as other records which are in the possession of defendants and not yet produced.

7. Defendants, ABC Corporations 1-3, are corporations or other legal entities which owned, occupied, leased, controlled and/or maintained the Premises and whose duties included inter alia ensuring that the Premises was free of unreasonably dangerous conditions and safe for all persons lawfully upon the Premises and whose negligent acts or omissions and other conduct with respect to the Premises led to, contributed, and/or caused Plaintiff's substantial injuries and damages set forth below. After reasonable investigation, the identity or roles of these corporations or other legal entities and/or their respective acts or omissions are not ascertainable from the records and investigation, as well as other records which are in the possession of defendants and not yet produced

## **FACTS**

8. On or about July 4, 2021, Plaintiff, Michele Neff, was lawfully and properly walking outside of and/or near the Premises with her husband, Plaintiff, Marc Neff and her dog.

9. As Plaintiff, Michele Neff, was walking she encountered a large area of muddy water and debris which required her to try to navigate around and was caused to slip, stumble, trip and/or fall as the result of the defective condition then and there existing as described herein.

10. On and before July 4, 2021, Defendants were actively and continuously building, constructing, repairing, renovating, and/or remodeling the Premises. During this time, Defendants routinely and frequently drained water, mud, silt, sediment, and other debris from the Premises into a large receptacle bag located on the sidewalk and street outside of and around the Premises.

11. On July 4, 2021 and for a time prior thereto, the receptacle bag used by Defendants had leaked and was leaking a significant amount of water and other debris onto the street and sidewalk located outside of the Premises resulting in a defective and dangerous condition of and around the Premises.

12. The defective and dangerous condition in question which caused the fall was the creation and allowance of a large accumulation of water which was unreasonably slippery and hazardous and, in a location, where Defendants knew or should have known pedestrians would be walking. As such, the defective and dangerous condition created a reasonably foreseeable risk of the kind of injuries suffered by Plaintiff, Michele Neff.

13. Defendants failed to take reasonable action to ensure that said defective and dangerous condition did not exist.

14. Prior to the time of this accident, the Defendants created the unreasonably dangerous condition and had actual and constructive notice of it through direct knowledge of the condition, and/or it existed for such a length of time that they knew and/or should have known of its existence and the creation and/or allowance of the condition to exist by each of the Defendants was palpably unreasonable.

<u>**COUNT I**</u>
<u>**PLAINTIFFS V. DEFENDANTS**</u>
<u>**NEGLIGENCE**</u>

15. Plaintiffs, Michele and Marc Neff, incorporate by reference the foregoing paragraphs as if fully set forth herein.

16. Prior to the date of the said accident, Defendants had direct knowledge of the above described condition, created the condition through its acts, omissions and negligence, and/or the condition existed for such a length of time that Defendants knew and/or should have known of its existence and the failure to remedy the same was unreasonably dangerous.

17. The injuries and damages sustained by Plaintiff, Michele Neff, were a direct and proximate result of the negligence and carelessness of each of the Defendants in that they acted and/or failed to act by:

(a) allowing an unreasonable and unsafe accumulation of standing water to remain on the premises for an unreasonable length of time;

(b) causing a leak on the receptacle bag and/or failing to repair and replace it or take action to control the problem;

(c) failing to properly remove standing water on or around the Premises, thereby allowing it to accumulate on the Premises and become dangerous for the public including the Plaintiff;

(d) negligently and/or carelessly failing to take timely precautionary measures to alleviate the extent of the standing water present upon the property;

(e) failing to maintain the premises in a non-defective condition, which would protect and safeguard persons lawfully thereon;

(f) allowing and/or causing the surface of the sidewalk area around the premises to be defective, uneven and in disrepair causing standing water to accumulate;

(g) failing to have inspected said premises at reasonable intervals in order to determine the condition of said premises;

(h) failing to warn persons using said Premises of the defective condition;

(i) failing to maintain a clear pathway;

(j) negligently permitting unreasonably unsafe conditions to remain on the premises for an extended period of time notwithstanding knowledge of the need for prompt remediation of the same; and

(k) failing to exercise due care under the circumstances; and

(l) otherwise being negligent and careless in not maintaining the premises.

18. As a direct and proximate result of the negligence and carelessness aforesaid, Plaintiff, Michele Neff, sustained severe and debilitating injuries to her body, including, but not limited to left foot, left hand, right hand, and right elbow, as well as severe shock to the nerves and nervous system, extreme embarrassment, humiliation, loss of the enjoyment of her usual

duties, usual occupations, life's pleasures and activities, to her great detriment and loss, some or all of which may be permanent in nature.

19. As a direct and proximate result of the aforesaid occurrence, Plaintiff, Michele Neff, has and may in the future, suffer mental anguish, emotional distress, pain and suffering, impairment of physical activity, and may continue to suffer same for an indefinite time in the future.

20. As a direct and proximate result of the aforesaid occurrence, Plaintiff, Michele Neff, has suffered a loss of earnings and earning capacity and has been and will be obligated to expend various sums of money or to incur various expenses for the injuries sustained, and may continue to incur such expenses in the future to her great financial loss and detriment.

**WHEREFORE**, Plaintiff, Michele Neff, demands judgment in her favor and against Defendants, for their negligence, including an award of damages, attorney's fees, interest, costs of suit and such other relief as the court may deem just and proper.

## COUNT II
## PLAINTIFF, MARC NEFF V. DEFENDANTS
## LOSS OF CONSORTIUM

21. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 20 as though fully set forth herein.

22. At all times material hereto, Plaintiff, Marc Neff, was married to and is the husband of Plaintiff, Michele Neff.

23. As a direct and proximate result of the negligence and carelessness aforesaid and the injuries sustained by his wife, Plaintiff, Marc Neff, has been deprived of the assistance, society and companionship of his wife, Michele Neff, his spouse, both in the past and into the future, all of which may be permanent.

**WHEREFORE**, Plaintiff, Marc Neff, demands judgment in his favor and against Defendants for their negligence, including an award of damages, attorney's fees, interest, costs of suit and such other relief as the court may deem just and proper.

                                            **GOLOMB SPIRT GRUNFELD**

                            **BY:**

                                            **ANDREW R. SPIRT, ESQUIRE**
                                            Attorney for Plaintiffs

Date:  June 30, 2022

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

                                                  **GOLOMB SPIRT GRUNFELD**

                                                  **BY:** _/s/ Andrew R. Spirt_

                                                  **ANDREW R. SPIRT, ESQUIRE**
                                                  Attorney for Plaintiffs

Date:  June 30, 2022

## CERTIFICATION PURSUANT TO RULE 4:5-1

1. I hereby certify that to my knowledge, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding.

2. To my knowledge, no other action or arbitration procedure is contemplated.

3. I have no knowledge at this time of the names of any other parties who should be joined in this action.

                                                  **GOLOMB SPIRT GRUNFELD**

                                                  **BY:** _/s/ Andrew R. Spirt_

                                                  **ANDREW R. SPIRT, ESQUIRE**
                                                  Attorney for Plaintiffs

Date: June 30, 2022

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Andrew R. Spirt, Esquire is hereby designated as trial counsel in the within matter.

**GOLOMB SPIRT GRUNFELD**

BY: *[signature]*

**ANDREW R. SPIRT, ESQUIRE**
Attorney for Plaintiffs

Date:  June 30, 2022

## DEMAND FOR ANSWERS TO UNIFORM DISCOVERY

Pursuant to *R.* 4:17-1, demand is hereby made for all Defendants to provide answers to all applicable uniform discovery pursuant to the Rule of Court.

**GOLOMB SPIRT GRUNFELD**

BY: *[signature]*

**ANDREW R. SPIRT, ESQUIRE**
Attorney for Plaintiffs

Date:  June 30, 2022

# EXHIBIT "B"
**Docket Entries**

| | |
|---|---|
| **Judiciary eCourts System - Civil Part** | Home    Help    Logout |

**CASE JACKET**　　　　　　　　　　　　　　　　　　　　　　　　　　User: JOHN KAELIN

## Docket Number: ATL L 001802 - 22

[Back]　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　[Create Summary Report]

**Case Caption:** Neff Michelle Vs Davco Construction, Inc.

| | | |
|---|---|---|
| **Court:** Civil Part | **Venue:** Atlantic | **Case Initiation Date:** 06/30/2022 |
| **Case Type:** Personal Injury | **Case Status:** Active | **Jury Demand:** 12 Jurors |
| **Case Track:** 2 | **Judge:** Danielle J Walcoff | **Team:** 202 |
| **# of Discovery Days:** 300 | **Age of Case:** 00 YR 02 MO | **Consolidated Case:** N |
| **Original Discovery End Date:** 06/14/2023 | **Current Discovery End Date:** 06/14/2023 | **# of DED Extensions:** 0 |
| **Original Arbitration Date:** | **Current Arbitration Date:** | **# of Arb Adjournments:** 0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Date Adjournments:** 0 |
| **Disposition Date:** | **Case Disposition:** Open | **Statewide Lien:** |

**Plaintiffs (3)**　　**Defendants (5)**　　**ACMS Documents (8)**　　**Fees (5)**

- Michelle Neff
- Marc Neff
- Davco Construction Inc

### Case Actions

| Filed Date | Filings | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|---|
| 06/30/2022 | 📎 ✉ | Complaint with Jury Demand for ATL-L-001802-22 submitted by SPIRT, ANDREW R, GOLOMB SPIRT GRUNFELD, PC on behalf of MICHELLE NEFF, MARC NEFF against DAVCO CONSTRUCTION, INC., BERKSHIRE HATHAWAY HOMESERVICE, JOHN AND JANE DOES 1-3, ABC CORPORATION 1-3 | LCV20222435306 | 06/30/2022 |
| 07/01/2022 | 📎 ✉ | TRACK ASSIGNMENT Notice submitted by Case Management | LCV20222448774 | 07/01/2022 |
| 08/16/2022 | 📎 ✉ | AFFIDAVIT OF SERVICE submitted by SPIRT, ANDREW, R of GOLOMB SPIRT GRUNFELD, PC on behalf of MICHELLE NEFF, MARC NEFF against BERKSHIRE HATHAWAY HOMESERVICE | LCV20222966746 | 08/16/2022 |
| 08/18/2022 | 📎 ✉ | Answer W/CrossClaim W/Jury Demand submitted by BURNETT, DAVID, LAWRENCE of CHUBB on behalf of BERKSHIRE HATHAWAY HOMESERVICE against MICHELLE NEFF, MARC NEFF, DAVCO CONSTRUCTION, INC., JOHN AND JANE DOES 1-3, ABC CORPORATION 1-3 | LCV20222990717 | 08/18/2022 |
| 08/22/2022 | 📎 ✉ | Answer W/CrossClaim W/Jury Demand submitted by KAELIN, JOHN, N of AIG AMERICAN INTERNATIONAL GROUP INC on behalf of DAVCO CONSTRUCTION, INC. against MICHELLE NEFF, MARC NEFF | LCV20223034272 | 08/22/2022 |
| 08/26/2022 | 📎 | Affidavit Of Services submitted by Court | LCV20223146200 | 08/31/2022 |
| 09/01/2022 | 📎 ✉ | 3RD PARTY COMPLAINT submitted by KAELIN, JOHN, N of AIG AMERICAN INTERNATIONAL GROUP INC on behalf of DAVCO CONSTRUCTION, INC. against D&T POOLS LLC D/B/A D&T POOLS | LCV20223155929 | 09/01/2022 |
| 09/13/2022 | 📎 ✉ | AFFIDAVIT OF SERVICE submitted by SPIRT, ANDREW, R of GOLOMB SPIRT GRUNFELD, PC on behalf of MICHELLE NEFF, MARC NEFF against DAVCO CONSTRUCTION,INC. | LCV20223308216 | 09/13/2022 |
| 09/13/2022 | 📎 ✉ | AFFIDAVIT OF SERVICE submitted by KAELIN, JOHN, N of AIG AMERICAN INTERNATIONAL GROUP INC on behalf of DAVCO CONSTRUCTION,INC. against D&T POOLS LLC D/B/A D&T POOLS | LCV20223313297 | 09/13/2022 |

Showing 1 to 9 of 9 entries

Screen ID : ECCV3000    © Copyright NJ Judiciary 2016    BUILD: CIVILCaseJacket_2022.2.0.1.4