# UNITED STATE DISCTRIC COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELE NEFF and MARC NEFF, w/h<br>　　　　　　　　　　　Plaintiffs<br>　vs.<br><br>DAVCO CONSTRUCTION, INC.<br>　　and<br>BERKSHIRE HATHAWAY<br>HOMESERVICES FOX & ROACH<br>REALTORS<br>　　and<br>JOHN and JANE DOES 1-3<br>　　and<br>ABC CORPORATION 1-3<br>　　　　　　　　　　　Defendants<br>　vs.<br><br>D&T POOLS LCC d/b/a D&T POOLS<br>　　　　　　　　Additional Defendant | CIVIL ACTION No. 1:22-cv-5537 |

**THIRD PARTY COMLAINT AGAINST D&T POOLS LLC d/b/a D&T POOLS**

Defendant/Third Party Plaintiff, Davco Construction Inc., by and through its counsel, Haddix & Millman, by way of Third-Party Complaint against Third-Party Defendant, D&T Pools LLC d/b/a D&T Pools, of 329 Oak Avenue, Malaga, New Jersey 08328, says as follows:

**FIRST COUNT**

1. On or about June 30, 2022, Plaintiffs, Michele Neff and Marc Neff, w/h, commenced the within action by filing a Complaint in the Superior Court of New Jersey, Atlantic County, seeking recovery for personal injuries related to a slip, stumble, trip and/or fall incident occurring on or about July 4, 2021 due to a large area of muddy water and debris at or near the premises located at 102 S. Nassau Avenue, Margate City, New Jersey.  A copy of the Complaint is attached hereto as **Exhibit A** and the allegations are adopted herein without admitting the same.

2. The aforesaid Complaint claims the water and debris leaked from a receptable bag being used at or near the premises at issue and this was a defective and dangerous condition which was negligently created and/or maintained and/or failed to correct. (See **Exhibit A**).

3. Defendant/Third Party Plaintiff, Davco Construction Inc., denies that it is in any way obligated or liable under the claim for relief asserted by Plaintiffs.

4. At all relevant times, Defendant/Third Party Plaintiff, Davco Construction Inc., had a valid and enforceable swimming pool construction agreement with Third-Party Defendant, D&T Pools LLC d/b/a D&T Pools, for the aforesaid premises at issue. (A copy of the contract is attached as **Exhibit B**).

5. The damages alleged by Plaintiffs, if any, were proximately caused and contributed to by the negligent acts or omissions of Third-Party Defendant, D&T Pools LLC d/b/a D&T Pools, including, but not limited to, the creation and/or failure to maintain the aforesaid alleged dangerous condition at issue.

6. While denying any damages to Plaintiffs, should Defendant/Third Party Plaintiff, Davco Construction Inc., be adjudged liable to Plaintiffs, it asserts Third-Party Defendant, D&T Pools LLC d/b/a D&T Pools, are joint tortfeasors and therefore, Defendant/Third Party Plaintiff, Davco Construction Inc., demands contribution pursuant to the Joint Tortfeasors Contribution Act, N.J.S.A. 2a:53A-1, et seq., the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq., and R. 4:7-5.

**WHEREFORE**, Defendant/Third Party Plaintiff, Davco Construction Inc., demands judgment against Third-Party Defendant, D&T Pools LLC d/b/a D&T Pools, together with attorney's fees and costs of suit and for such further relief as the Court may deem to be just and equitable.

## SECOND COUNT

1. Defendant/Third Party Plaintiff, Davco Construction Inc., repeats and realleges each and every allegation contained above as if set forth at lengthy herein.

2. If Plaintiffs suffered damages as alleged, then same were proximately caused by the sole negligence of Third-Party Defendant, D&T Pools LLC d/b/a D&T Pools.

3. While denying any damages to Plaintiffs, should Defendant/Third Party Plaintiff, Davco Construction Inc., be adjudged liable to Plaintiffs, it asserts such liability is not morally culpable but merely secondary, constructive, technical, vicarious and/or imputed, or the primary liabilities lies with Third-Party Defendant, D&T Pools LLC d/b/a D&T Pools.

**WHEREFORE**, Defendant/Third Party Plaintiff, Davco Construction Inc., demands judgment against Third-Party Defendant, D&T Pools LLC d/b/a D&T Pools, together with attorney's fees and costs of suit and for such further relief as the Court may deem to be just and equitable.

Respectfully submitted by:

_____
John N. Kaelin, III, Esquire
Attorney ID No. 83349
*Attorney for Defendant/Third Party Plaintiff, Davco Construction Inc.*

HADDIX & MILLMAN
309 Fellowship Rd, Suite 200
Mount Laurel, NJ 08054
Phone: 856-439-5426
Email: John.Kaeliniii@aig.com

# EXHIBIT A

| | |
|---|---|
| **GOLOMB SPIRT GRUNFELD**<br>**BY: ANDREW R. SPIRT, ESQUIRE**<br>1835 Market Street<br>Suite 2900<br>Philadelphia, PA  19103<br>(215) 985-9177 | Attorney for Plaintiffs |
| **MICHELE NEFF and**<br>**MARC NEFF, w/h**<br>210 West Washington Square<br>3 NW<br>Philadelphia, PA 19106<br><br>           vs.<br><br>**DAVCO CONSTRUCTION, INC.**<br>2729 E. Landis Avenue<br>Vineland, NJ 08361<br>      and<br>**BERKSHIRE HATHAWAY**<br>**HOMESERVICES FOX & ROACH**<br>**REALTORS**<br>9218 Ventnor Avenue<br>Margate City, NJ 08402<br>      and<br>**JOHN and JANE DOES 1-3**<br>      and<br>**ABC CORPORATION 1-3** | SUPERIOR COURT OF NEW JERSEY<br>ATLANTIC COUNTY<br>LAW DIVISION<br><br><br>NO:<br><br><br><br>**CIVIL ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

## CIVIL ACTION COMPLAINT

Plaintiff, Michele Neff and Marc Neff, by and through undersigned counsel, Golomb Spirt Grunfeld, brings this Complaint against Defendants, Davco Construction, Inc, Berkshire Hathaway HomeServices Fox & Roach Realtors, John and Jane Does 1-3, and ABC Corporations 1-3, and says:

1.   Plaintiffs, Michele Neff and Marc Neff, are adult individuals residing at the above address as wife and husband.

2. Defendant, Davco Construction, Inc., is a corporation or other legal entity existing pursuant to and/or under the laws of the State of New Jersey doing business therein with a registered office and/or principal place of business at 2729 E. Landis Avenue, Vineland, NJ 08361.

3. Defendant, Berkshire Hathaway HomeServices Fox & Roach Realtors, is a corporation or other legal entity existing pursuant to and/or under the laws of the State of New Jersey doing business therein with a registered office and/or principal place of business at 9218 Ventnor Avenue, Margate City, NJ 08402.

4. At all times material hereto, each of the Defendants owned, operated, leased, maintained, and/or controlled and were otherwise responsible for the property located at 102 S. Nassau Avenue, Margate City, New Jersey (hereinafter "Premises"), including, without limitation, building, constructing, renovating, remodeling, performing work at the Premises for purposes of selling, leasing or otherwise using for a business purpose and each of the Defendants had the obligation, responsibility and duty to ensure that the Premises was free of unreasonable dangerous conditions and safe for all persons lawfully upon the Premises.

5. At all times relevant herein, each of the Defendants acted, and/or failed to act, by and through their agents, servants, workmen, contractors and/or employees acting within the scope and course of their employment with one another.

6. Defendants, John and Jane Does 1-3, are individuals who owned, occupied, leased, controlled and/or maintained the Premises and whose duties included inter alia ensuring that the Premises was free of unreasonably dangerous conditions and safe for all persons lawfully upon the Premises and whose negligent acts or omissions and other conduct with respect to the Premises led to, contributed, and/or caused Plaintiff's substantial injuries and damages set forth

below. After reasonable investigation, the identity or roles of these persons and/or their respective acts or omissions are not ascertainable from the records and investigation, as well as other records which are in the possession of defendants and not yet produced.

7. Defendants, ABC Corporations 1-3, are corporations or other legal entities which owned, occupied, leased, controlled and/or maintained the Premises and whose duties included inter alia ensuring that the Premises was free of unreasonably dangerous conditions and safe for all persons lawfully upon the Premises and whose negligent acts or omissions and other conduct with respect to the Premises led to, contributed, and/or caused Plaintiff's substantial injuries and damages set forth below. After reasonable investigation, the identity or roles of these corporations or other legal entities and/or their respective acts or omissions are not ascertainable from the records and investigation, as well as other records which are in the possession of defendants and not yet produced

## **FACTS**

8. On or about July 4, 2021, Plaintiff, Michele Neff, was lawfully and properly walking outside of and/or near the Premises with her husband, Plaintiff, Marc Neff and her dog.

9. As Plaintiff, Michele Neff, was walking she encountered a large area of muddy water and debris which required her to try to navigate around and was caused to slip, stumble, trip and/or fall as the result of the defective condition then and there existing as described herein.

10. On and before July 4, 2021, Defendants were actively and continuously building, constructing, repairing, renovating, and/or remodeling the Premises. During this time, Defendants routinely and frequently drained water, mud, silt, sediment, and other debris from the Premises into a large receptacle bag located on the sidewalk and street outside of and around the Premises.

11. On July 4, 2021 and for a time prior thereto, the receptacle bag used by Defendants had leaked and was leaking a significant amount of water and other debris onto the street and sidewalk located outside of the Premises resulting in a defective and dangerous condition of and around the Premises.

12. The defective and dangerous condition in question which caused the fall was the creation and allowance of a large accumulation of water which was unreasonably slippery and hazardous and, in a location, where Defendants knew or should have known pedestrians would be walking. As such, the defective and dangerous condition created a reasonably foreseeable risk of the kind of injuries suffered by Plaintiff, Michele Neff.

13. Defendants failed to take reasonable action to ensure that said defective and dangerous condition did not exist.

14. Prior to the time of this accident, the Defendants created the unreasonably dangerous condition and had actual and constructive notice of it through direct knowledge of the condition, and/or it existed for such a length of time that they knew and/or should have known of its existence and the creation and/or allowance of the condition to exist by each of the Defendants was palpably unreasonable.

<u>**COUNT I**</u>
<u>**PLAINTIFFS V. DEFENDANTS**</u>
<u>**NEGLIGENCE**</u>

15. Plaintiffs, Michele and Marc Neff, incorporate by reference the foregoing paragraphs as if fully set forth herein.

16. Prior to the date of the said accident, Defendants had direct knowledge of the above described condition, created the condition through its acts, omissions and negligence, and/or the condition existed for such a length of time that Defendants knew and/or should have known of its existence and the failure to remedy the same was unreasonably dangerous.

17. The injuries and damages sustained by Plaintiff, Michele Neff, were a direct and proximate result of the negligence and carelessness of each of the Defendants in that they acted and/or failed to act by:

(a) allowing an unreasonable and unsafe accumulation of standing water to remain on the premises for an unreasonable length of time;

(b) causing a leak on the receptacle bag and/or failing to repair and replace it or take action to control the problem;

(c) failing to properly remove standing water on or around the Premises, thereby allowing it to accumulate on the Premises and become dangerous for the public including the Plaintiff;

(d) negligently and/or carelessly failing to take timely precautionary measures to alleviate the extent of the standing water present upon the property;

(e) failing to maintain the premises in a non-defective condition, which would protect and safeguard persons lawfully thereon;

(f) allowing and/or causing the surface of the sidewalk area around the premises to be defective, uneven and in disrepair causing standing water to accumulate;

(g) failing to have inspected said premises at reasonable intervals in order to determine the condition of said premises;

(h) failing to warn persons using said Premises of the defective condition;

(i) failing to maintain a clear pathway;

(j) negligently permitting unreasonably unsafe conditions to remain on the premises for an extended period of time notwithstanding knowledge of the need for prompt remediation of the same; and

(k) failing to exercise due care under the circumstances; and

(l) otherwise being negligent and careless in not maintaining the premises.

18. As a direct and proximate result of the negligence and carelessness aforesaid, Plaintiff, Michele Neff, sustained severe and debilitating injuries to her body, including, but not limited to left foot, left hand, right hand, and right elbow, as well as severe shock to the nerves and nervous system, extreme embarrassment, humiliation, loss of the enjoyment of her usual

duties, usual occupations, life's pleasures and activities, to her great detriment and loss, some or all of which may be permanent in nature.

19. As a direct and proximate result of the aforesaid occurrence, Plaintiff, Michele Neff, has and may in the future, suffer mental anguish, emotional distress, pain and suffering, impairment of physical activity, and may continue to suffer same for an indefinite time in the future.

20. As a direct and proximate result of the aforesaid occurrence, Plaintiff, Michele Neff, has suffered a loss of earnings and earning capacity and has been and will be obligated to expend various sums of money or to incur various expenses for the injuries sustained, and may continue to incur such expenses in the future to her great financial loss and detriment.

**WHEREFORE**, Plaintiff, Michele Neff, demands judgment in her favor and against Defendants, for their negligence, including an award of damages, attorney's fees, interest, costs of suit and such other relief as the court may deem just and proper.

<u>**COUNT II**</u>
<u>**PLAINTIFF, MARC NEFF V. DEFENDANTS**</u>
<u>**LOSS OF CONSORTIUM**</u>

21. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 20 as though fully set forth herein.

22. At all times material hereto, Plaintiff, Marc Neff, was married to and is the husband of Plaintiff, Michele Neff.

23. As a direct and proximate result of the negligence and carelessness aforesaid and the injuries sustained by his wife, Plaintiff, Marc Neff, has been deprived of the assistance, society and companionship of his wife, Michele Neff, his spouse, both in the past and into the future, all of which may be permanent.

**WHEREFORE**, Plaintiff, Marc Neff, demands judgment in his favor and against Defendants for their negligence, including an award of damages, attorney's fees, interest, costs of suit and such other relief as the court may deem just and proper.

                                                **GOLOMB SPIRT GRUNFELD**

                              **BY:**   _/s/ Andrew R. Spirt_

                                                  **ANDREW R. SPIRT, ESQUIRE**
                                                  Attorney for Plaintiffs

Date:  June 30, 2022

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

                                **GOLOMB SPIRT GRUNFELD**

                                **BY:** _/s/ Andrew R. Spirt_

                                **ANDREW R. SPIRT, ESQUIRE**
                                Attorney for Plaintiffs

Date: June 30, 2022


## CERTIFICATION PURSUANT TO RULE 4:5-1

1. I hereby certify that to my knowledge, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding.

2. To my knowledge, no other action or arbitration procedure is contemplated.

3. I have no knowledge at this time of the names of any other parties who should be joined in this action.

                                **GOLOMB SPIRT GRUNFELD**

                                **BY:** _/s/ Andrew R. Spirt_

                                **ANDREW R. SPIRT, ESQUIRE**
                                Attorney for Plaintiffs

Date: June 30, 2022

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Andrew R. Spirt, Esquire is hereby designated as trial counsel in the within matter.

**GOLOMB SPIRT GRUNFELD**

BY: _____
**ANDREW R. SPIRT, ESQUIRE**
Attorney for Plaintiffs

Date:  June 30, 2022

## DEMAND FOR ANSWERS TO UNIFORM DISCOVERY

Pursuant to *R.* 4:17-1, demand is hereby made for all Defendants to provide answers to all applicable uniform discovery pursuant to the Rule of Court.

**GOLOMB SPIRT GRUNFELD**

BY: _____
**ANDREW R. SPIRT, ESQUIRE**
Attorney for Plaintiffs

Date:  June 30, 2022

# **EXHIBIT B**

# D & T POOLS

**Pool Contractors**
329 Oak Ave., Malaga, NJ 08328
Phone: (856) 694-2282 – Fax: (856) 694-2283

## SWIMMING POOL CONSTRUCTION AGREEMENT

This agreement made as of written acceptance of D & T Pools

and __Deuco Constution__, Herein termed "OWNER"

Mailing Address _____, Home Phone _____
          Street                City
_____, Business Phone _____
State     Zip      Twp.

Site Address __102 S. Nassau Ave Margate NJ 08402__
          Street      City      State     Zip      Twp

Pool Size – Maximum Width __10__ Maximum Length __16 4½__ Water Depth __4__ To __4½__

Square footage water surface area: _____, Shape __Rec__

## CONSTRUCTION SPECIFICATIONS

1. PLANS – D&T Pools to supply layout and structural engineering plans for pool
2. PERMIT – D&T Pools to act as Owners agent in obtaining swimming pool permit.
3. ACCESS IN THE WALL OR FENCE TO BE – Removed by D&T ☐ Owner ☒   Not Applicable ☐
   Reinstalled by D&T ☐ Owner ☒   Not Applicable ☐
4. TREES IN ACCESS AREA AND POOL SITE: _____ Trees to be cut down and stumps to be ground down by Owner ☐   D&T ☐
5. EXCAVATION – D&T to layout and set elevation for pool on day of excavation of owners approval. D&T will excavate, hand shape, and remove soil on day of excavation.
6. STEEL REINFORCEMENT – D&T to use engineered steel reinforcing throughout pool structure, to meet and exceed all state and local building codes.
7. CONCRETE SHELL – D&T to pneumatically apply concrete to pool structure using Gunite with continuous 12" bond beam around skimmer. Gunite installed in accordance with of the American Concrete institute. to achieve 4,000 psi compressive strength in 28 days.
8. GRADING – D&T to return and remove forms and grade around pool site.
9. SHALLOW END STEPS – D&T to install 4# concrete custom deluxe steps with _____ bench(s).
10. LADDER – D&T to install stainless steel rails with 3 built in steps for deep end. # _____ Yes ☐ No ☒
11. UNDERWATER MARINE LIGHT – D&T to install __1__ lights __500__ TYPE _____
12. COPING – D&T to install 12" of luxurious coping __TBT__ __Owner__
13. TILE – D&T to install 6" of frost proof tile at water line. Type __TBT__ Color __TBT__ Tile Trim Yes ☒ No ☐
14. INTERIOR POOL FINISH – D&T to install hand troweled, waterproof marblite plaster finish __Cool Blue Diamond Bright__
15. AUTOMATIC FILTRATION/PURIFICATION SYSTEM – D&T to install:
    a. Deluxe filtration system. Approved by the National Sanitation Foundation, __150__
    b. Non-corrosive pump and motor. U.L. approved, with oversized hair and lint strainer __1__ hp
    c. All plumbing to be schedule 40 PVC.
    d. Deluxe built in surface skimmer with leaf basket and self adjusting skimmer weir - # __1__
    e. Deluxe double main drain on floor of pool with safety suction cover.
    f. Two adjustable directional flow returns.
    g. Automatic purification for economical water treatment, with start up chemicals __Inline chlor 3-20__
    h. All equipment to set on precast concrete slab.
    i. Energy saving automatic time clock U.L. approved.
    j. Deluxe cleaning equipment to include, test kit, thermometer, leaf skimmer, brush, vacuum hose and head, telescopic pole.
    k. Safety ropes and floats across shallow end of pool.
    l. Electrical bonding of all steel reinforcing and related pool equipment.
    m. Indoctrination and operating instructions by D&T qualified personnel.

# D & T POOLS

**Pool Contractors**
329 Oak Ave., Malaga, NJ 08328
Phone: (856) 694-2282 – Fax: (856) 694-2283

OPTIONAL ACCESSORIES:

16. DIVING STAND/BOARD – D&T to install deluxe cantilever stand with _____ ft. fiberglass board   Yes ☐ No ☒
    This board is approved for diving.
17. POOL HEATER – D&T to install deluxe-High efficiency heater on precast slab. Fuel _NaT_ Size _250,000_   Yes ☒ No ☐
18. AUTOMATIC POOL CLEANER – D&T to install _Sunbay_   Yes ☐ No ☒
19. DECKING – D&T to install type _Owner_ amount _____   Yes ☐ No ☒
20. HYDRO THERAPY SPA – D&T to install _____ sq. ft. spa. Dam wall with step and bench.
    Hydro therapy Jets _____ Spa Light _____ Air Blower to jets _____   Yes ☐ No ☒
21. LUXURY LOVE SEAT – D&T to install seat _____   Yes ☐ No ☒

ADDITIONAL SPECIFICATIONS

21. Thermal Edge –
22. 
23. 3 Jet in Landscape Wall –
24. 
25. 
26. 
27. 
28. 
29. 
30. Electrical connections – up to _____ ft   Yes ☐ No ☐
31. Gas Line connections – up to _____ ft   Yes ☐ No ☐

D&T POOLS will carry all public liability, property damage and workmen's compensation insurance. They will also be responsible for sales tax. Any damage to pool resulting from rain damage will be handled at no additional cost to owner.

For all D&T warranties and agreed conditions see accompanying sheet.

☐ FINANCE – In the event this transaction is subject to credit approval of customer and the execution of such additional documents as may be required by seller.

☐ CASH – Owner agrees to pay the total cash price of pool less deposit at the following intervals:

Deposit – ■■■ Paid c# 19022
Gunite – ■■■
Plumbing – ■■■

Coping & Tile – ■■■
Plastering – ■■■

~1000
Bill
Dunn
old
cops

TOTAL CONTRACT PRICE ■■■

D&T shall apply for a building permit within 10 working days from date of this contract. If contract requires financing, the building permit will be applied for within 10 working days after notification of approval for financing. Construction shall be scheduled approximately 7 working days after permit has been obtained and shall be substantially complete approximately 35 working days after completion of excavation, weather permitting.

THE UNDERSIGNED JOINTLY AND SEVERALLY AGREE THAT THE TERMS AND CONDITIONS ON THE REVERSE SIDE ARE PART OF THE AGREEMENT AND THAT THIS WRITING CONTAINS THE ENTIRE AGREEMENT BETWEEN THE CUSTOMER AND D&T POOLS AND FURTHER ACKNOWLEDGES THAT EACH OF THEM HAS READ AND UNDERSTOOD THIS ENTIRE CONTRACT AND HAS RECEIVED A COPY, THEREOF THIS CONTRACT MAY BE AMENDED BY ADDENDUM. SIGN BY ANY ONE OF THE CUTOMERS WHOSE NAME APPEARS BELOW.

NOTICE

Any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof. Recovery hereunder by the debtor shall not exceed amounts paid by the debtor hereunder. "You, the customer, may cancel this transaction at any time prior to midnight of the third business day after the date of this transaction. See the attached Notice of Cancellation form for an explanation of the right."

Sign and Email Back

D&T POOLS
By Salesman (Signature) _[signature]_   Signed: _____   Buyer: X _____
                                                          Co-Buyer: _____